IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KELLY BAKER,**

        **Petitioner,**

**v.**

**JEFFREY WOLFE, Warden,**

        **Respondent.**

**CASE NO. 2:07-CV-1059**
**JUDGE SARGUS**
**MAGISTRATE JUDGE KING**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the instant petition for a writ of habeas corpus be **DISMISSED** and that petitioner's petition for a writ of mandamus, Doc. No. 10, be **DENIED** as moot. Petitioner's request for an evidentiary hearing and for the appointment of counsel, *see* Doc. 10, is **DENIED**.

### PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the procedural history of this case as follows:

> On July 31, 2003, Appellant Kelly G. Baker was indicted on one count of attempted murder, a violation of R.C. 2923.02 and one count of felonious assault, a violation of R.C. 2903.11.
>
> On November 3, 2003, Appellant pled no contest to the one

count of Felonious Assault. Pursuant to a negotiated plea, the charge of attempted murder was dismissed.

On November 17, 2003, the trial court sentenced Appellant to a prison term of seven (7) years.

Appellant did not file a direct appeal of his sentence or conviction.

On October 4, 2004, November 9, 2004, December 8, 2004, January 31, 2005, and February 24, 2005, Appellant filed motions for judicial release, all of which were denied.

On May 4, 2005, Appellant filed a motion for post-conviction relief.

On May 23, 2005, Appellant filed a supplement to his motion for post-conviction relief.

By Judgment Entry dated August 9, 2005, the trial court denied Appellant's Petition.

*State v. Kelly*, 2006 WL 3020264 (Ohio App. 5th Dist. October 17, 2006).  Petitioner filed a timely appeal of the trial court's denial of the petition for post-conviction relief, asserting the following assignments of error:

> I. WHETHER THE TRIAL COURT ERRED IN IMPOSING A NON-MINIMUM SENTENCE FOR THE OFFENCE [SIC] UPON APPELLANT KELLY G. BAKER AFTER HIS GUILTY PLEA TO THE INDICTMENT.
>
> I. THE APPELLANT'S SENTENCE FOR THE FELONIOUS ASSAULT CHARGE IS UNCONSTITUTIONAL IN LIGHT OF RECENT U.S. SUPREME COURT DECISIONS.

2

>   II. THIS COURT SHOULD VACATE THE TRIAL COURT'S SENTENCE AND REMAND FOR A NEW SENTENCING HEARING OR A JURY TRIAL.

*See id.* On October 17, 2006, the appellate court dismissed the post conviction petition as untimely. *Id*. Petitioner never filed an appeal to the Ohio Supreme Court.

On September 8, 2005, November 13, 2006, December 13, 2006, and April 2, 2007, petitioner filed motions for delayed appeal with the state appellate court, which denied all those motions on October 24, 2005, November 27, 2006, January 23, 2007, and April 23, 2007, respectively. *Exhibits 27-39 to Return of Writ*. Petitioner filed an appeal of the last denial of his motion for delayed appeal to the Ohio Supreme Court. *Exhibit 41 to Return of Writ*. On September 26, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 41 to Return of Writ.*

On October 15, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds, reprinted verbatim:

>   1. Ineffective counsel.
>
>   Counsel failed to submit evidence to "beyond doubt" show actual innocence and failed to file appeal nor argue sentence.
>
>   2. Sentence is contrary to law.
>
>   The sentence is contrary to the facts and innocense of the claims.

> 3. New evidence shows miscarriage of justice.
>
> The new evidence which the lower courts closed eye to, show beyond doubt and fact of innocence.
>
> 4. I am innocent.
>
> I am innocent with hard core dead bang fact proof.

It is the position of the respondent that the instant petition must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2254. Alternatively, respondent contends that petitioner's claims are procedurally defaulted or without merit.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> . (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on December 17, 2003, *i.e.,* thirty days after he was sentenced on November 17, 2003, when the time period expired to file a timely appeal. *See Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A); *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001). The statute of limitations expired one year later, on December 17, 2004. Petitioner waited more than three and one half years, until September 30, 2007, to file this habeas corpus petition. Further, petitioner's state court motions for judicial release did not toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2):

>"Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for ... collateral review of the judgment or claim." *Witkowski v. Vasbinder*, No. 04-CV-74232-DT, 2006 WL 618891, at *4 (E.D.Mich. Mar.9, 2006) (unpublished) (quoting *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir.2005), *cert. denied,* --- U.S. ----, 126 S.Ct. 1151, 163 L.Ed.2d 1007 (2006)). As a general rule, a "filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, *and must collaterally attack the relevant conviction or sentence." Id.* (citing *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir.2004), in turn citing *Voravongsa v. Wall,* 349 F.3d 1, 6 (1st Cir.2003), *cert. denied,* 541 U.S. 963, 124

> S.Ct. 1724, 158 L.Ed.2d 407 (2004)) (emphasis added). In other words, the application must seek "review" of the "judgment pursuant to which [the petitioner] is incarcerated" to trigger the applicability of § 2244(d)(2)'s tolling provision. *Id.; see also Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir.2002), *cert. denied,* 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003); *Branham v. Ignacio,* 83 Fed.Appx. 208, 209 (9th Cir. Dec.11, 2003) (not published in Federal Reporter), *cert. denied,* 541 U.S. 1077, 124 S.Ct. 2423, 158 L.Ed.2d 990 (2004); *Johnson v. Lewis,* 310 F.Supp.2d 1121, 1125 (C.D.Cal.2004).
>
> ... [C]ourts have refused to extend the tolling provision set forth in 28 U.S.C. § 2244(d)(2) to mandamus petitions seeking to have a state court take action on a matter, *Moore,* 298 F.3d at 366-67; *Webb v. Cason,* No. 02-CV-72788-DT, 2003 WL 21355910, at *4 (E.D.Mich. May 30, 2003) (unpublished), *aff'd,* 115 Fed.Appx. 313 (6th Cir. Dec.17, 2004) (not published in Federal Reporter), *cert. denied,* --- U.S. ----, 125 S.Ct. 2919, 162 L.Ed.2d 305 (2005); petitions for executive clemency under state law, *Malcolm v. Payne,* 281 F.3d 951 (9th Cir.2002); motions for evidentiary materials and transcripts filed with the court, *Lloyd v. VanNatta,* 296 F.3d 630 (7th Cir.2002), *cert. denied,* 537 U.S. 1121, 123 S.Ct. 856, 154 L.Ed.2d 802 (2003); *Hodge v. Greiner,* 269 F.3d 104, 107 (2nd Cir.2001); motions for appointment of counsel, *Voravongsa,* 349 F.3d at 6-7; and motions to correct the record, *Witkowski, supra,* 2006 WL 618891, at *4. Although this case poses a closer question, the Court similarly concludes that because petitioner's motions for judicial release did not seek collateral review of the underlying judgment or sentence that resulted in petitioner's incarceration, the statute of limitations was not tolled under § 2244(d)(2) during the time they were pending in the state courts.

*Fleming v. Lazaroff,* 2006 WL 1804546 (S.D. Ohio June 28, 2006)(footnote omitted); *see also Tomilson v. Lazaroff*, 2008 WL 2796549 (S.D. Ohio July 16, 2008)(same). Likewise, none of petitioner's subsequent filings in the state courts tolled the running of the statute of limitations, since all such motions were filed after the statute of limitations had already

6

expired. "The tolling provision does not ... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v.. Brigano,* 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Additionally, petitioner has failed to establish any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).

Petitioner nonetheless contends that equitable tolling of the statute of limitations is appropriate based upon his actual innocence. According to petitioner, he is not guilty of felonious assault, although he concedes that he may be guilty of some lesser offense. He argues that the alleged victim, Melissa Yarnell, was at fault because she violated a protection order against her. He further contends that the injuries suffered by her were actually incurred some time prior to the incident at issue here, and that he had actually helped pay her medical bills. *See Traverse.* In support of his allegation of actual innocence, petitioner has attached what purports to be protection orders against the alleged victim dated September 17, 2002, and January 23, 2003, as well as a letter from petitioner's mother to the trial judge, contending that the victim was living with petitioner during the time the protection order was in place and that, on the date of the assault, the victim had refused to leave petitioner's house. *See Exhibits to Traverse*.

A credible showing of actual innocence may justify the equitable tolling of the

7

statute of limitations. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup* [*v. Delo,* 513 U.S. at 298, 316 (1995)]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." [FN5] *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled, however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Id.*, at 589-90. Petitioner has failed to meet this standard here. The Court notes that, at the time of sentencing as well as in a letter dated January 30, 2005, petitioner indicated remorse for his offense. *See Exhibits 10 and 51 to Return of Writ*. Additionally, petitioner previously stated, in response to the trial court's suggestion that petitioner view the photographs of the injuries suffered by the alleged victim, that she had broken her leg in his house. *Exhibit 51 to Return of Writ, Sentencing Transcript*, at 20.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this

action be **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

September 16, 2008                            *s/Norah McCann King*
                                                                              Norah McCann King
                                                                              United States Magistrate Judge