IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KELLY BAKER,

Petitioner,

v.

JEFFREY WOLFE, Warden,

Respondents.

CASE NO. 2:07-cv-1059
JUDGE SARGUS
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On September 16, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending dismissal of the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 as time-barred. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation that his petition be dismissed as time-barred. Petitioner contends that this action is timely pursuant to 28 U.S.C. 2244(d)(1)(D) because he could not have earlier discovered the factual predicate for his claims. This argument is not persuasive.

In this habeas corpus action, petitioner argues that his 2003 sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), that he is actually innocent of the charge of felonious assault to which he pled no contest because, *inter alia*, the victim violated a protection order against her and because petitioner paid her medical bills, and that he was denied the

effective assistance of counsel because his attorney failed to raise these issues. He also alleges that the victim stole his medication and that her injuries were caused when he attempted to defend himself.

With the exception of petitioner's claim under *Blakely*, which was decided after petitioner was sentenced, none of the facts underlying petitioner's claims were unknown to him when he was sentenced in November 2003. Further, the United States Court of Appeals for the Sixth Circuit has held that *Blakely* is not to be retroactively applied to cases on collateral review. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). Therefore, *Blakely* neither renders this action timely under 28 U.S.C. §2244(d)(1)(C), nor offers petitioner the relief that he seeks. Further, this Court agrees with the conclusion of the Magistrate Judge that the record fails to reflect petitioner's actual innocence so as to justify equitable tolling of the statute of limitations for the time period at issue.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the entire record. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT**.

_____
Date

12-8-2006
EDMUND A. SARGUS, JR.
United States District Judge

2